# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JENNIFER TORRES, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br>vs.<br><br>FALLS COLLECTION SERVICE INC. d/b/a FINANCIAL CONTROL SOLUTIONS,<br><br>          Defendant. | Case No.: 18-cv-740<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Ch. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Jennifer Torres is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt arose from a consumer transaction.

6. Defendant Falls Collection Service Inc. ("FCS") is a domestic business corporation with its principal place of business located at N114W19225 Clinton Dr, Germantown, Wisconsin 53022.

7. FCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. FCS is licensed as a "Collection Agency" that does business under the fictitious or trade name "Financial Control Solutions" pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg 74.

9. FCS is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

10. FCS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

11. On or about June 5, 2017, FCS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "MEDICAL BILLING ASSOCIATE." A copy of this letter is attached to this complaint as Exhibit A.

12. The alleged debt identified in Exhibit A was a medical debt and, thus, incurred for personal, household, and family purposes.

13. Plaintiff was not required to pay for the medical services at the time services were rendered. Instead, the creditor, or a billing agent, mailed a bill several days or weeks after the dates of service. Thus, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment'").

2

Case 2:18-cv-00740-NJ    Filed 05/14/18    Page 2 of 9    Document 1

14. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

15. Upon information and belief, Exhibit A is a form debt collection letter used by FCS to attempt to collect alleged debts.

16. Upon information and belief, Exhibit A is the first written communication that FCS sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

17. Exhibit A contains the debt validation notice that the FDCPA requires to be included with the initial written communication to the consumer. 15 U.S.C. § 1692g(a).

18. Exhibit A also contains the following:

> **Important Notice! Check Acceptance Policy**
>
> If you pay this invoice by check and your check is returned to us, it may be re-presented electronically and your account will be debited for the amount of the check. Your account will also be debited for a Returned Check Fee of $35.00. By signing your check and mailing it to us you are agreeing to this policy. If you do not want this to happen, please arrange to pay by means other than check.

Exhibit A.

19. On or about July 25, 2017, FCS mailed a debt collection letter to Plaintiff regarding the same alleged debt owed to "MEDICAL BILLING ASSOCIATE." A copy of this letter is attached to this complaint as Exhibit B.

20. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

21. Upon information and belief, Exhibit B is a form debt collection letter used by FCS to attempt to collect alleged debts.

22. Exhibit B contains the following:

> **Important Notice! Check Acceptance Policy**
>
> If you pay this invoice by check and your check is returned to us, it may be re-presented electronically and your account will be debited for the amount of the check. Your account will also be debited for a Returned Check Fee of $35.00. By signing your check and mailing it to us you are agreeing to this policy. If you do not want this to happen, please arrange to pay by means other than check.

Exhibit B.

3

23. The policies and procedures of licensed collection agencies are governed, in part, by Wis. Admin. Code Ch. DFI-Bkg 74 ("Collection Agencies").

24. With specifically enumerated exceptions, a licensed collection agency "may not charge the debtor any fee, handling charge, mileage costs or other out-of-pocket expenses incurred in the collection of an account." Wis. Admin. Code § DFI-Bkg 74.11(2)(a).

25. As relating to checks returned to the licensee for any reason, including checks returned for not-sufficient funds ("NSF checks"), licensed collection agencies may charge "actual charges assessed by a financial institution . . . provided the charge is not the result of a licensee prematurely depositing a post-dated check." Wis. Admin. Code § DFI-Bkg 74.11(2)(b).

26. Upon information and belief, no financial institution imposes a charge of $35.00 or greater on FCS each time a check is returned.

27. Plaintiff was deceived, misled, and confused by Exhibits A and B.

28. The unsophisticated consumer would be deceived, misled, and confused by Exhibits A and B.

29. Plaintiff had to spend time and money investigating Exhibits A and B and the consequences of any potential responses to Exhibits A and B.

30. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibits A and B.

**Violations of the FDCPA and WCA**

31. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives

4

misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing,

5

even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

32. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

33. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. 15 U.S.C. § 1692e(5) specifically prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

35. 15 U.S.C. § 1692e(10) also prohibits any "false representation or deceptive means to collect or attempt to collect any debt."

36. 15 U.S.C. § 1692f generally prohibits any "unfair or unconscionable means to collect or attempt to collect any debt."

37. 15 U.S.C. § 1692f(1) specifically prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

38. Wis. Stat. § 427.104(1)(j) states, in pertinent part, that "a debt collector may not . . . claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

## COUNT I – FDCPA

39. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. The reference in Exhibits A and B to a $35.00 returned check fee is false, misleading, and confusing.

41. Defendant threatened to impose a returned check fee in excess of the actual charges assessed by its financial institution in cases of returned checks.

42. Defendant's misrepresentation of the amounts it would attempt to collect in the event a check is returned is an unfair and/or unconscionable method by which to try and collect an alleged debt.

43. The unsophisticated consumer would be confused and misled by the statement that FCS would impose a $35.00 charge for each returned check and would be unsure whether that charge would be legitimate.

44. Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1).

## COUNT II – WCA

45. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

46. The reference in Exhibits A and B to a $35.00 returned check fee is false, deceptive, misleading and confusing.

7

47. Defendant threatened to add a $35.00 returned check fee, which exceeds the fees actually charged by its financial institution, even though FCS had no right to do so.

48. Defendant violated Wis. Stat. §§ 427.104(1)(j).

## **CLASS ALLEGATIONS**

49. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by Exhibit A and/or B to the Complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between May 14, 2017 and May 14, 2018, inclusive, (e) that was not returned by the postal service.

50. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

51. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA and the WCA.

52. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

53. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

54. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

55. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 14, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge @ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com